**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Brent Thomas Bercier, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Turtle Mountain Tribal Court, | ) | |
| | ) | Case No. 4:08-cr-094 |
| Defendant. | ) | |

The plaintiff, Brent Thomas Bercier (Bercier), initiated the above entitled action on November 4, 2008, by lodging what the court construed asa as petition for habeas corpus relief pursuant to Section 1303 of the Indian Civil Rights Act. On December 19, 2008, the Defendant file a Motion to Dismiss for Failure to Exhaust Tribal Court Remedies. For the reasons set forth below, the undersigned recommends that the Defendant's motion be granted and Bercier's petition be dismissed without prejudice.

**I.     BACKGROUND**

Bercier described his cause of action as follows in the civil cover sheet accompanying his complaint: "serving a sentence that already sat." (Docket No. 2-2). His complaint alleges:

> On May 12 2005 I was put on a program it was Alternative court and I was on the program for 7 months then the probation officer was done in Dec of 2006 and then he told me he was going to let me out of the program so I didn't have to back to jail. [T]hen in Sep 5th they arrested me and then went to court and they gave me 6 months again and the program is not there anymore they were closed in 2006 so they are not to hold me here for that program so they are hold me for six months for nothing. I tried to talk to the Judge about it but nothing was done so that's [why] I am go for this.

(Docket No. 2).

The tribal court denies that Bercier's was ordered to serve the same sentence twice. Rather,

it avers that, in lieu of serving time, Bercier was given an opportunity to participate in a treatment program and, when he failed to comply with the program's requirements, was ordered to serve the balance of his sentence. It has provided this court with the following chronology of events.

| | |
|---|---|
| January 17, 2006 | Bercier was charged in tribal court with several offenses, including driving under the influence (#5), fleeing, and driving without a license. He presumably entered a plea of guilty to the offenses charged after which the court imposed a sentence of sixteen months in jail (total for all charges), twenty-four months probation, $2,625 in fines, and $325 in fees. |
| February 27, 2006 | Bercier entered pleas of guilty in tribal court to the following two offenses: contempt of court and failure to appear. He was sentenced to forty-five days in jail presumably concurrent to the sentences imposed on January 17, 2006. |
| May 12, 2006 | Bercier was "waived over" to the Turtle Mountain Alternative Court's drug and alcohol treatment program with the understanding that he would be ordered to serve his sentences in their entirety if he failed to comply with program requirements. |
| March 3, 2008 | Bercier was "waived out of the Alternative Court system" and returned to the Tribal Court for failure to comply with program requirements. |
| March 9, 2008 | Bercier was sentenced to forty-five days for failure to comply with "Alternative Court provisions" and contempt of court. This sentence was ordered to run concurrent with the twelve months remaining on the sixteenth month sentence imposed on January 17, 2006. |
| April 7, 2008 | Bercier was charged with the escape. |
| September 8, 2008 | Bercier was sentenced to thirty days for escape consecutive to what remained no his original sentence. |

According to its calculations, Bercier has approximately nine months remaining on his sentence.

The Tribal Court also states that Bercier has not exhausted his tribal court remedies, that is, he has not filed an appeal with the Turtle Mountain Tribal Court of Appeals.

## II.     DISCUSSION

2

The Tribal Court's chronology presents a far different picture from what Bercier represented in his petition in term of his criminal history and his sentences. While the chronology presented by the Tribal Court is somewhat difficult to follow, it appears the calculation that Bercier has approximately nine more months to serve is consistent with there being a year total time remaining on his original sentences as of March 2008, after taking into consideration that Bercier escaped from custody for a period of about five months and taking into account the additional thirty days that he received as a sentence for that escape. In other words, it is by no means clear that Bercier is being held pursuant to an illegal sentence or in violation of his rights.

The Indian Civil Rights Act provides: "The privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The Eighth Circuit has held that "as a matter of comity . . . tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one." Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977) (citing Rosebud Sioux Tribe of South Dakota v. Driving Hawk, 534 F.2d 98, 101 (8th Cir. 1976); Janis v. Wilson, 521 F.2d 724, 726-27 (8th Cir. 1975); O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973)); LaVallie v. Turtle Mountain Tribal Court, 2006 WL 1069704, *2 (D.N.D. 2006); Donnell v. Red Lake Tribe, 2005 WL 2250767, *3-4 (D. Minn. 2005). The rationale behind tribal exhaustion is "that Congress is committed to a policy of supporting tribal self-government and self-determination." National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985). "Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development." Duncan Energy Co. v. Three Affiliated Tribes of Fort

Berthold Reservation, 27 F.3d 1294, 1299 (8th Cir. 1994) (citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14 (1987)).

In the past, this court has required that persons seeking habeas relief under § 1303 exhaust tribal court remedies prior to seeking habeas relief under § 1303. LaVallie v. Turtle Mountain Tribal Court, supra; Gillette v. Marcellais, 2004 WL 2677268 (D.N.D. 2004). Based on the foregoing, there does not appear to be a basis in this case for bypassing this requirement.

### III.   CONCLUSION AND RECOMMENDATION

The court should require Bercier to exhaust his tribal court remedies in terms of seeking relief from the Turtle Mountain Tribal Court of Appeals. Accordingly, the undersigned recommends that the Defendant's Motion to Dismiss (Docket No. 8) be **GRANTED** and Bercier's petition (Docket No. 2) be **DENIED** without prejudice to a later refiling after available tribal remedies have been exhausted or Azure is able to demonstrate exhaustion would be futile.

### IV.   NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 22nd day of December, 2008.

>    */s/  Charles S. Miller, Jr.*
>    Charles S. Miller, Jr.
>    United States Magistrate Judge